**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHEP USA,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**H&M PALLETS, LLC**<br><br>        **Defendant.** | Civ. No. 2:23-cv-20986 (WJM)<br><br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

    Presently pending in this breach of contract action is a motion by Defendant H&M Pallets, LLC ("H&M" or "Defendant") to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 10. For the reasons set forth below, Defendant's motion is **granted in part and denied in part**.

## I.    BACKGROUND AND PROCEDURAL HISTORY

    CHEP USA ("CHEP" or "Plaintiff") operates over 150 service centers across the country and owns a national pool of pallets which it leases to its customers. Compl., ¶¶ 13-14. Its principal office in Georgia. *Id.* at ¶ 5, ECF No. 5. In contrast to the majority of pallets circulating in the United States, which are commonly white wood pallets bearing no trademarks or names, *id.* at ¶ 9, CHEP owns pallets, all of which are painted blue on their sides, are inscribed with CHEP's logo, and bear the words "PROPERTY OF CHEP." Compl., ¶¶ 22-23. Many CHEP pallets also bear the company's toll-free telephone number. *Id.* at ¶ 22. CHEP Pursuant to CHEP's pallet rental agreement, manufacturers lease CHEP pallets to use as a platform to transport goods to their distributors; the distributors in turn use the pallets for distribution until the original manufacturer's product is emptied from the pallet. *Id.* at ¶ 16. The empty pallets are then set aside for return to or collection by CHEP. *Id.* At the CHEP service centers, empty CHEP pallets are inspected, cleaned, repaired, repainted if necessary, and then leased out again. *Id.* CHEP never sells its pallets and only rents them out. *Id.* at ¶¶ 13, 21-23. Some CHEP customers engage third parties to collect and return CHEP pallets for them. *Id.* at ¶ 27. Defendant H&M is a New Jersey company alleged to be such a third-party. *Id.* at ¶ 6.

    On or about January 25, 2019, CHEP claims to have entered into a valid and enforceable contract with H&M. *Id.* at ¶ 31. That agreement is purportedly reflected in an Asset Recovery Program ("ARP") letter that CHEP claims to have sent to H&M twice a year memorializing and reminding H&M of CHEP's ownership rights (which include

1

prohibiting the buying, selling, exchanging or destroying of CHEP's blue inscribed pallets) and H&M's obligation to return those pallets for compensation. *Id.* at ¶ 31, Ex. A. The ARP letters attached to the Complaint are not dated other than with the year 2021 and are addressed to "Sir or Madam." H&M, did however, return some of the pallets to CHEP from January 25, 2019 to August 23, 2023 and in return, accepted compensation from CHEP for handling of those pallets. *Id.* at ¶ 32. However, in or around August 2023, CHEP representatives visited H&M's premises and saw 500-600 CHEP pallets still in H&M's possession. *Id.* at ¶ 40. Plaintiff contends that H&M improperly retained some of the CHEP pallets it legitimately collected for the express purpose of returning them to CHEP, but also unlawfully collected and then re-sold CHEP pallets to other third parties. *Id.* at ¶ 34. Attached to the Complaint are pictures of blue pallets that allegedly belong to CHEP but are currently in the possession of three of H&M's customers after H&M unlawfully sold the pallets to them. *See id.* at ¶¶ 36-39, 41, Exs. B-E.

CHEP sues for breach of contract (Count One), conversion (Count Two), civil theft (Count Three), replevin (Count Four), and declaratory judgment (Count Five) in this diversity jurisdiction action. H&M now moves to dismiss the Complaint in its entirety for failure to state a claim.

## II.    STANDARD AND BURDEN OF PROOF

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005). Dismissal is appropriate only if, accepting all the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.,* 542 F.3d 59, 64 (3d Cir. 2008). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see id.* at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). While "[t]he plausibility standard is not akin to a probability requirement' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In ruling on a motion to dismiss, a court "may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir.1997). Rather, a court is to rely on "only the allegations contained in the complaint,

exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 426 ("a document integral to or explicitly relied upon in the complaint may be considered....").

As a threshold matter, the Court will not consider the Declaration of Daniel Tune, Esq. and its exhibits submitted in support of Defendant's motion to dismiss. Defense counsel's declaration is not restricted to facts within the signatory's personal knowledge as required under L. Civ. R. 7.2. Any legal argument should have been included in Defendant's brief rather than provided as a markup of Plaintiff's Complaint. *See* Def. Reply Br. at 5 (acknowledging markups of Complaint are "non-factual opinions of counsel"). Moreover, the Court will not consider the expert report or Answer filed in another litigation from more than a decade ago in 2012. Even if those filings are public record, they are not relevant to the determination of whether the Complaint in *this* action is sufficiently pled to defeat a motion to dismiss.

## III.   DISCUSSION

### A. Count One (Breach of Contract)

Plaintiff pleads a breach of contract alleging that the terms of the agreement are set forth in the ARP letters. The Complaint avers that CHEP owns blue pallets marked as property of CHEP and that in breach of the terms in the ARP letters, H&M either retained possession of or impermissibly sold CHEP pallets to its own customers. That the ARP letters are undated (other than the year) and addressed to "Sir or Madam" may impact weight of the evidence, but at this stage, the Court accepts as true Plaintiff's factual allegations that those letters were sent to Defendant and that Defendant assented to those terms when it accepted compensation from CHEP for handling of those pallets. The Complaint sufficiently states a claim for breach of contract to defeat a motion to dismiss. Defendant's motion to dismiss Count One is **denied.**

### B. Count Two (Conversion)

Under New Jersey law, the common law action of conversion is the "unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Capital Health Sys., Inc. v. Veznedaroglu*, 15-8288, 2017 WL 751855, at *10 (D.N.J. Feb. 27, 2017) (quoting *Ricketti v. Barry*, No. 13-6804, 2015 WL 1013547, at *8 (D.N.J. Mar. 9, 2015)). Thus, "'one of the essential elements of the tort of conversion [is] ownership of goods or chattels.'" *Peloro v. United States*, 488 F.3d 163, 174 (3d Cir. 2007) (citing *Boccone v. Eichen Levinson, LLP*, No. 04–3871, 2007 WL 77328, at *7 (D.N.J. Dec. 26, 2006)).

Here, CHEP sufficiently alleges facts (color, inscription) to suggest it owns the pallets and sought to recover possession of them (ARP letters). In moving to dismiss the

conversion claim, Defendant does not argue that the pallets at issue never belonged to Plaintiff, but that because "there are large amounts of pallets floating in the public domain outside CHEP's controlled pallet pool," Def. Mot. to Dismiss Br. at 22, Plaintiff must establish ownership or title of each individual pallet by pleading facts to show that Defendant was not a bona fide purchaser ("BFP") of the pallets, that no entrustment occurred, or that the pallets were not lost, gifted, or abandoned. *See id.* In essence, Defendant seeks to put the onus on Plaintiff to plead facts in the Complaint that disprove any potential but as yet unpled affirmative defenses. Plaintiff does not bear that burden. Moreover, none of these defenses are "apparent on the face of the complaint" and therefore, may not be the basis for dismissal of a complaint under Rule 12(b)(6). *See Rycoline Products, Inc. v. C&W Unlimited,* 109 F.3d 883, 886 (3d Cir. 1997). Accepting all the facts alleged in the Complaint as true, including the claim that Defendant is selling or is improperly in possession of pallets owned by CHEP, Plaintiff has set forth a sufficient basis for a valid cause of action of conversion.

Finally, Defendant erroneously contends that Plaintiff is barred from bringing a tort claim because it also alleges breach of contract. Plaintiff is permitted to plead in the alternative particularly given that Defendant denies any contractual relationship. Defendant's motion to dismiss Count Two for conversion is **denied.**

C. Count Three (Civil Theft)

Plaintiff agrees with Defendant that New Jersey law does not recognize a separate claim for civil theft and withdraws its claim. Pl.'s Opp'n Br. at 6, n.1. Accordingly, Defendant's motion to dismiss Count Three is **granted.**

D. Count Four (Replevin)

Federal Rule of Civil Procedure 64(b) "allows for replevin in accordance with the replevin procedures applicable under New Jersey state law." *VW Credit, Inc. v. CTE2, LLC,* No. 19-19523, 2019 WL 6649381, at *1 (D.N.J. Dec. 6, 2019) (citing N.J.S.A. 2B:50-1; New Jersey Court Rule 4:61-2)); *Yamaha Motor Fin. Corp., U.S.A. v. ML Country Club LLC,* No. 20-04696, 2020 WL 7334189, at *1 (D.N.J. Dec. 14, 2020). Plaintiff seeks replevin pursuant to N.J.S.A. § 2B:50-1 which provides that "[a] person seeking recovery of goods wrongly held by another may bring an action for replevin in the Superior Court."

As discussed above, Plaintiff claims that the blue pallets inscribed with the CHEP name are Plaintiff's property wrongly held or re-sold by Defendant despite CHEP's demand for their return. "An action brought for replevin is a proper means for an owner to regain possession of chattels lost through conversion." *O'Keeffe v. Snyder,* 83 N.J. 478, 509, 416 A.2d 862, 878 (1980) (J. Handler, dissenting) (citing *Baron v. Peoples National*

4

*Bank of Secaucus*, 9 N.J. 249, 255-256 (1952)). Taking Plaintiff's factual allegations as true, Plaintiff sufficiently alleges a cause of action for replevin. Defendant's motion to dismiss Count Four is **denied.**

### E. Count Five (Declaratory Judgment)

Relief under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), is predicated on the existence of an "actual controversy," a "live dispute" or "a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1170 (3d Cir. 1987). As noted above, CHEP has pled the existence of an actual controversy. Thus, Plaintiff states a claim for declaratory judgment.

## IV.    CONCLUSION

For the reasons noted above, Defendant's motion to dismiss is **granted** only as to Count Three (civil theft) and **denied** as to Counts One, Two, Four, and Five. Count Three is **dismissed with prejudice**. An appropriate Order follows.

WILLIAM J. MARTINI, U.S.D.J.

Date: January 11, 2024