## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Daniel B. Tune, Esq. (02168-2006)
**TUNE LAW GROUP, LLC**
372 Route 22 West, Suite 1B
Whitehouse Station, New Jersey 08889
T: (908) 434-1061 / F: (908) 534-5638 / Email: dtune@tunelawgroup.com
*Attorneys for Defendant H&M Pallets, LLC*

| | | |
|---|---|---|
| CHEP USA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.:2:23-cv-20986-WJM- |
| v. | : | |
| | : | **ANSWER, DEFENSES,** |
| H&M PALLETS, LLC, | : | **COUNTERCLAIM, & JURY** |
| | : | **DEMAND** |
| Defendants | : | |
| | : | |

## ANSWER

Defendant, H & M Pallets, states as follows:

### Blanket Objection #1 as to Inappropriate Form of Pleading:

Plaintiff's Complaint often contains multiple alleged facts and multiple sets of alleged circumstances per paragraph contrary to Rule 10(b)("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.") and Rule 8(d)(1) ("Each allegation of a pleading shall be simple, concise and direct.").

1

Paragraphs of Complaints are supposed to be concise and not narratives of multiple circumstances referencing many alleged facts.

It is Plaintiff's job to plead properly.  More specifically, it is Plaintiff's job to follow the Court Rules and not this Defendant's job to sift through multiple mixed alleged facts, multiple mixed alleged circumstances, alleged opinions, alleged legal positions, speculation, alleged editorializing, etc. per numbered paragraph.  Thus, where there are multiple mixed alleged facts, multiple mixed alleged circumstances, multiple alleged opinions, multiple alleged legal positions, multiple alleged editorializing and commentary, etc. per numbered paragraph in the Amended Complaint, Defendant reserves the right to deny the entire paragraph.  This blanket objection applies to the entire Complaint and may also be specifically cited herein.

**Blanket Objection #2 as to Inappropriate Form of Pleading**: Plaintiff alleged mixed fact and legal conclusions in many paragraphs and alleged pure legal conclusions and opinions from which Plaintiff wishes a reader to draw from allegations.  This is often seen in explanatory allegations, cause and effect allegations, and commentary allegations.  This type of improper pleading violates, among other Rules and case law, Rule 8(a); Rule 8(d)(1), and Rule 10(b); and Ashcroft/Twombly.  Thus, where this arises Defendant reserves the right to deny the entire paragraph.  This blanket objection applies to the entire Complaint and may also be specifically cited herein.

2

## RESPONSE TO "PRELIMINARY STATEMENT"

1.      This paragraph is a description and does not warrant a response.  Should it be necessary for Defendant to plead in response: Defendant admits that it is a limited liability company formed in the State of New Jersey with a principal place of business in Elizabeth, Union County, Jersey, and is authorized to do and is doing business in New Jersey; Defendant admits that it has an address of 864 North Ave E, Elizabeth, NJ 07201.  As to the remainder of the paragraph, it either contains legal conclusions as to which a responsive pleading is unwarranted and/or Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s).

2.      This paragraph is a description and does not warrant a response.  Should it be necessary for Defendant to plead in response: Defendant denies that Plaintiff has not suffered any injuries and certainly has not suffered any injuries exceeding $75,000.  As to the remainder of the paragraph, it either contains legal conclusions as to which a responsive pleading is unwarranted and/or Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s).

## RESPONSE TO "JURISDICTION"

3.      Denied, as Plaintiff has not suffered any injuries and certainly has not suffered any injuries exceeding $75,000.

4.      Denied, as Plaintiff has not suffered any injuries and certainly has not suffered any injuries exceeding $75,000.

5.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

6.      Admitted.

## RESPONSE TO "VENUE"

7.      Denied.  Plaintiff has not suffered any injuries and certainly has not suffered any injuries exceeding $75,000 and Defendant has not engaged in any wrongful conduct.

## RESPONSE TO "FACTUAL BACKGROUND"

8.      Objection per Rule 8(a)(2)(a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.").  This allegation as to what "typically" may occur does not show that Plaintiff is entitled to any relief, as what might occur "typically" does not lead to the conclusion that Defendant engaged in any wrongdoing.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Ashcroft/Twombly require

4

specific facts as to the actual case or controversy to show plausibility; generalized facts and conclusions are clearly insufficient.

9.      Objection per <u>Rule</u> 8(a)(2)(a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.").  This allegation as to what "in general" may occur does not show that Plaintiff is entitled to any relief, as what might occur "in general" does not lead to the conclusion that Defendant engaged in any wrongdoing.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  <u>Ashcroft</u>/<u>Twombly</u> require specific facts as to the actual case or controversy to show plausibility; generalized facts and conclusions are clearly insufficient.

10.     Objection per <u>Rule</u> 8(a)(2)(a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.").  This allegation as to what "in general" may occur does not show that Plaintiff is entitled to any relief, as what might occur "in general" does not lead to the conclusion that Defendant engaged in any wrongdoing.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  <u>Ashcroft</u>/<u>Twombly</u> require specific facts as to the actual case or controversy to show plausibility; generalized facts and conclusions are clearly insufficient.

11.     Objection per <u>Rule</u> 8(a)(2)(a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.").  This allegation

as to what is "prone to break" and/or "often" may occur does not show that Plaintiff is entitled to any relief, as what is "prone to break" and/or "often" does not lead to the conclusion that Defendant engaged in any wrongdoing. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations. Ashcroft/Twombly require specific facts as to the actual case or controversy to show plausibility; generalized facts and conclusions are clearly insufficient.

12.    Objection per Rule 8(a)(2)(a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.") Ashcroft/Twombly require specific facts as to the actual case or controversy to show plausibility; generalized facts and conclusions are clearly insufficient. This paragraph is a marketing opinion. Opinions are states of mind and not facts. Ali v. Woodbridge Twp. Sch. Dist., 957 F.3d 174 (3d Cir. 2020). Should it be necessary for Defendant to plead in response, these allegations are denied.

13.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

14.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

15.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

6

16.     This allegation as to what is a "general explanation" does not show that Plaintiff is entitled to any relief, as "general explanation" does not lead to the conclusion that Defendant engaged in any wrongdoing.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations. <u>Ashcroft</u>/<u>Twombly</u> require specific facts as to the actual case or controversy to show plausibility; generalized facts and conclusions are clearly insufficient.

17.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

18.     Objection per <u>Rule</u> 8(a)(2)(a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.") <u>Ashcroft</u>/<u>Twombly</u> require specific facts as to the actual case or controversy to show plausibility; generalized facts and conclusions are clearly insufficient.  This paragraph is an opinion.  Opinions are states of mind and not facts.  <u>Ali v. Woodbridge Twp. Sch. Dist.</u>, 957 F.3d 174 (3d Cir. 2020).  Should it be necessary for Defendant to plead in response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

19.     Objection per <u>Rule</u> 8(a)(2)(a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.") <u>Ashcroft</u>/<u>Twombly</u> require specific facts as to the actual case or controversy to show plausibility; generalized facts and conclusions are clearly insufficient.  This

paragraph is an opinion.   Opinions are states of mind and not facts.   <u>Ali v. Woodbridge Twp. Sch. Dist.</u>, 957 F.3d 174 (3d Cir. 2020).   Should it be necessary for Defendant to plead in response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

20.     Objection per <u>Rule</u> 8(a)(2)(a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.") <u>Ashcroft</u>/<u>Twombly</u> require specific facts as to the actual case or controversy to show plausibility; generalized facts and conclusions are clearly insufficient.   This paragraph is an opinion.   Opinions are states of mind and not facts.   <u>Ali v. Woodbridge Twp. Sch. Dist.</u>, 957 F.3d 174 (3d Cir. 2020).   Should it be necessary for Defendant to plead in response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

21.     Denied.   CHEP is estopped from claiming factually that "CHEP maintains ownership over all of its pallets," as CHEP has admitted to giving away more than 9,000,000 - 12,000,000 pallets.

22.     Denied.   CHEP has not alleged that any of its "manufacturers" or "distributors" have breached any contracts, nor that any such entity has failed to return any pallets to CHEP, nor added any such entity as a party for breach of any agreement with CHEP.   Thus, based on the pleadings any pallets that are the subject

of this suit are not the property of CHEP, must come from the pool of abandoned pallets.

23.    Denied.  See Paragraph 21.  CHEP has already admitted that it has relinquished its ownership rights on more than 9,000,000 - 12,000,000 pallets that remain in circulation.

24.    What arrangements Plaintiff has with third parties does not make it plausible that Defendant engaged in any wrongdoing.  Should it be necessary for Defendant to plead in response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

25.    Denied.  If CHEP's sworn allegations are true that it retains ownership of <u>all</u> of its pallets, any such "agreements" with "downstream commercial entities" would have be invalid due to lack of consideration.

26.    Denied.  CHEP has alleged at Paragraph 22 of its complaint that "agreements with manufacturers and distributors expressly provide that pallets must be returned to CHEP."  Thus, CHEP is estopped from alleging that it "typically falls on the secondary customer, not the lessee, to return CHEP pallets to CHEP."  Sworn statements in a pleading cannot contradict themselves: either CHEP <u>always</u> maintains ownership by mandating return of its pallets, or that is only what it "typically" done.  In either event, the pleading fails to establish in which category fall alleged pallets that are the subject of this suit.

27.     Objection.  This is a verified pleading and an allegation "on information and belief" is speculation.  L.Civ.R. 7.2(a).  If an answer is required, this paragraph is Denied.

28.     This allegation do not show that Plaintiff is entitled to any relief, as this generalized language does not lead to the conclusion that Defendant engaged in any wrongdoing.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Ashcroft/Twombly require specific facts as to the actual case or controversy to show plausibility; generalized facts and conclusions are clearly insufficient.

29.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

30.     Admit.

31.     Denied.  Moreover, contractual language is a legal matter, which does not pass muster under  Ashcroft/Twombly to show plausibility.

32.     Objection.   This paragraph is pure speculation and not within the personal knowledge of the signatory Mario Bursa.  If an answer is required, it is Denied.

33.     Denied.  CHEP has admitted that all of its pallets must be returned by way of contract, and thus, cannot certify in a verified complaint that any pallets

allegedly in Defendant's possession were the subject of contracts, and not the 9,000,000 - 12,000,000 admittedly relinquished by CHEP.

34.    Objection.  This is a verified pleading and an allegation "on information and belief" is speculation.  L.Civ.R. 7.2(a).  CHEP can hardly object to a black market it deliberately created.  If an answer is required, this paragraph is Denied.

35.    Denied.

36.    Objection.  This paragraph is not within the personal knowledge of the signatory Mario Bursa.  If an answer is required, it is Denied.

37.    Objection.  This paragraph is not within the personal knowledge of the signatory Mario Bursa.  If an answer is required, it is Denied.

38.    Objection.  This paragraph is not within the personal knowledge of the signatory Mario Bursa.  If an answer is required, it is Denied.

39.    Objection.  This paragraph is not within the personal knowledge of the signatory Mario Bursa.  If an answer is required, it is Denied.

40.    Objection.  This paragraph is not within the personal knowledge of the signatory Mario Bursa.  If an answer is required, it is Denied.

41.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations

42.    Denied.

43.    Denied.

44.     Denied.  CHEP has already admitted to releasing its ownership rights of more than 9,000,000 - 12,000,000 pallets and is thus estopped from claiming that "at all times, CHEP retains absolute ownership of all of its pallets."

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  However, because this is a verified pleading, Defendant will accept Chep's admission that once a pallet falls outside of Chep's pallet pool, Chep lost ownership or superior title to such property.

51.     These allegations do not show that Plaintiff is entitled to any relief, as this generalized language does not lead to the conclusion that Defendant engaged in any wrongdoing.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Ashcroft/Twombly require specific facts as to the actual case or controversy to show plausibility; generalized facts and conclusions are clearly insufficient.

52.     These allegations do not show that Plaintiff is entitled to any relief, as this generalized language does not lead to the conclusion that Defendant engaged in

any wrongdoing.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Ashcroft/Twombly require specific facts as to the actual case or controversy to show plausibility; generalized facts and conclusions are clearly insufficient.

53.    These allegations do not show that Plaintiff is entitled to any relief, as this generalized language does not lead to the conclusion that Defendant engaged in any wrongdoing.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Ashcroft/Twombly require specific facts as to the actual case or controversy to show plausibility; generalized facts and conclusions are clearly insufficient.

54.    Plaintiff may have made demands, however Defendant owes no duties to Plaintiff and thus this paragraph is denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied,

59.    Denied,

60.    Denied.

**RESPONSE TO "FIRST CAUSE OF ACTION (Breach of Contract)"**

61.     Defendant repeats and hereby incorporates its responses to Plaintiff's paragraphs 1-60.

62.     Denied.

63.     Denied.  Defendant did not enter into any agreements with Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Moreover, the alleged terms of an alleged contract are a legal matter not warranting an answer.

64.     Denied.  Defendant did not enter into any agreements with Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations

65.     Denied.  Defendant did not enter into any agreements with Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations

66.     Denied that Plaintiff suffered any "damages," as Defendant denies engaging in any wrongdoing.

## RESPONSE TO "SECOND CAUSE OF ACTION (Conversion)"

67.     Defendant repeats and hereby incorporates its responses to Plaintiff's paragraphs 1-66.

68.     Denied.

69.     Denied.

**14**

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied that Plaintiff suffered any "damages," as Defendant denies engaging in any wrongdoing.

74.    Denied.

75.    This paragraph is a description of the relief sought by Plaintiff and does not warrant a response.  Should it be necessary for Defendant to plead in response, Defendant denies that Plaintiff has any valid basis for injunctive relief.

### RESPONSE TO "THIRD CAUSE OF ACTION (Civil Theft)"

76 to 82.    By order issued January 11, 2024, (ECF Document #16), the Court dismissed the Third Cause of Action with prejudice.

### RESPONSE TO "FOURTH CAUSE OF ACTION (Replevin)"

83.    Defendant repeats and hereby incorporates its responses to Plaintiff's paragraphs 1-82.

84.    This paragraph is a description and does not warrant a response.  Should Defendant be required to offer a response, Defendant denies that Plaintiff is entitled to any relief as Defendant has denied engaging in any wrongdoing.

85.    Denied.  There are no pallets "at issue" because Defendant has denied engaging in any wrongdoing.

86.     Denied.

87.     Denied.

88.     Denied.

89.     This paragraph is a description of the relief sought by Plaintiff and does not warrant a response.  Should it be necessary for Defendant to plead in response, Defendant denies that Plaintiff has any valid basis for relief.

## RESPONSE TO "FIFTH CAUSE OF ACTION (Declaratory Judgment)"

90.     Defendant repeats and hereby incorporates its responses to Plaintiff's paragraphs 1-89.

91.     This paragraph is a description and does not warrant a response.  Should Defendant be required to offer a response, Defendant denies that Plaintiff is entitled to any relief as Defendant has denied engaging in any wrongdoing.

92.     Denied.

93.     Denied.

94.     Denied.   Plaintiff's allegations as to what it believes Defendant's position to be is improper for a pleading because, among other reasons, it does not make it more plausible that Defendant engaged in any actionable wrongdoing.

95.     Denied.

96.     Denied.

97.     Denied.

98.     This paragraph is a description of the relief sought by Plaintiff (ad damnum clause) and does not warrant a response.   Should it be necessary for Defendant to plead in response, Defendant denies that Plaintiff has any valid basis for any relief.

WHEREFORE Defendant requests the court to dismiss all of Plaintiff's claims with prejudice.

## DEFENSES

1.     Plaintiff assumed the risk of loss by intentionally flooding the free stream of commerce with pallets and by painting pallets it did not own blue.

2.     Plaintiff and Defendant never entered into any enforceable contract that obligated Defendant to return pallets to Defendant.

3.     Plaintiff is estopped from seeking any relief from Defendant.

4.     Plaintiff's claims fail due to fraud.

5.     Plaintiff's claims fail due to waiver.

6.     The court lacks subject-matter jurisdiction.

7.     Plaintiff failed to state claims upon which relief can be granted.

8.     Because Plaintiff failed to join any of its "manufacturers" or "distributors" to this suit for breach of contract (or any similar theory), Plaintiff is estopped from claiming that Defendant received pallets from any party that owed Plaintiff a contractual duty, or with whom Plaintiff enjoyed privity of contract.

Defendant reserves a specific right to file a motion under <u>Rule</u> 12(b)(7) should discovery reveal that the Complaint was misleading and Plaintiff has pivoted to assert such claims.

9.      Plaintiff fails to plead with sufficient particularity per <u>Ashcroft</u>/<u>Twombly</u>.

10.     Plaintiff lacks standing to assert the claims contained in the Complaint.

11.     Plaintiff has suffered no damages.

12.     Any acts on the part of Defendant were not the proximate cause of any damages sustained by Plaintiff.

13.     At all times relevant hereto, Defendant acted in good faith and without any fraud or malice

14.     The Defendant never entered into a valid and enforceable contract.

15.     Some or all of the purported causes of action alleged in the Complaint are barred by the doctrines of ratification or consent.

16.     If Plaintiff suffered any damages as a result of the conduct alleged in the Complaint, which Defendants deny, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to its failure to make reasonable efforts to mitigate or minimize the damages incurred.

17.     Plaintiff's claims are barred, in whole or in part, because Defendants' alleged conduct was at all times justified, fair, privileged, and undertaken in the good faith exercise of a valid business purpose.

18.     Defendants' actions with respect to the subject matters alleged in the Complaint were undertaken in good faith and for good cause, with the absence of intent to injure Plaintiff, and constitute lawful, proper and justified means to further Defendants' purpose of engaging in and continuing their lawful business activities. By reason thereof, Plaintiff is barred, in whole or in part, from recovery on the alleged causes of action contained in the Complaint.

19.     It is not sufficient for Plaintiff to assert it owns <u>groups</u> of pallets.  At a minimum, Plaintiff must assert facts that it owns <u>each individual</u> pallet subject to this suit.

20.     Defendant is the prima facie owner of pallets within its possession. Plaintiff must plead and prove otherwise as to <u>each individual pallet it claims</u>.

21.     To properly prove that it owned pallets within Defendant's possession, Plaintiff would need to prove sufficient facts, as to each individual pallet subject of its suit, to rule out that Defendant, or others from whom Defendant allegedly received pallets, were not bona fide purchasers ("BFP"), that no entrustment occurred, that the pallets were not considered lost, gifted, or abandoned goods, or

that for any other reason Plaintiff did not lose superior title to each as to each individual pallet subject of its suit.

22.    Plaintiff cannot meet its burden to show it has superior title as to each individual pallet subject of its suit.

23.    Plaintiff intentionally allowed its customers to ship pallets to parties having no contractual relationship with, or duties owed to, Plaintiff.

24.    CHEP agreed to switch from a closed-loop to a modified open-loop model.  Under this new model, which CHEP called its Accelerated Volume Program ("AVP"), CHEP allowed certain emitters to ship pallets to Non-Participating Dealers ("NPDs")—that is, distributors with whom CHEP did not have an agreement to return its pallets—in return for a small surcharge.

25.    During the first five years that this new open-loop model was in effect, CHEP experienced substantial leakage of pallets and lost title to such pallets.

26.    Plaintiff intentionally caused any losses it claims to have incurred.

27.    Plaintiff failed to ensure it could track its individual pallets.

28.    Plaintiff has written off millions of pallets it placed outside its closed loop model for accounting and tax purposes and thus cannot take contrary positions in court.

29.     Because the individual pallets subject to this suit may have traveled and changed possession in multiple different states, Plaintiff must account for each state's laws as to property and title, especially loss of superior title.

30.     Matter once in the public domain must remain in the public domain.

31.     Plaintiff cannot prevail due to <u>N.J.S.A.</u> 12A:2-403.

32.     Plaintiff cannot prevail due to <u>Martin v. Nager</u>, 192 N.J.Super. 189, 203 (Ch .Div. 1983).

33.     Plaintiff cannot prevail due to <u>N.J.S.A.</u> 12A:2-312.

34.     Plaintiff cannot prevail due to <u>N.J.S.A.</u> 12A:7-205.

35.     It may be that all of Plaintiff's pallets are allegedly blue but the converse cannot be reasonably inferred from the complaint that all blue pallets are owned by Plaintiff or even painted blue by Plaintiff.

36.     Plaintiff did not affix serial numbers on its pallets to assist in tracking them.

37.     The mere painting of a pallet does not confer ownership rights.

38.     Plaintiff cannot prove that Defendant wrongfully holds Plaintiff's goods.

39.     Plaintiff cannot show a probability of a final judgment in its favor.

40.     Plaintiff cannot prove that plaintiff is entitled to possession and that an immediate order is necessary to prevent removal of, or irreparable damage to, the goods as to which Plaintiff holds superior title.

41.     Plaintiff has no basis to obtain any declaratory and/or injunctive relief.

42.     In the event Defendants have acquired any pallets in which Plaintiff had superior title, Defendants would have done so as a bona fide purchasers acting in good faith, for valuable consideration and without notice of Plaintiff's claim

43.     If Plaintiff sustained any damages as a result of the conduct alleged in the Complaint, which Defendants deny, such damages were not the result of any acts, omissions, or other conduct of Defendants.

44.     Any injuries or damages allegedly sustained by the Plaintiff were the result of the sole responsibility of a third party or parties over whom Defendant had no control.

45.     Plaintiff is barred from recovering because the Plaintiff would be unjustly enriched if Plaintiff recovered.

46.     Plaintiff is barred from asserting that it relied upon any representations or warranties (oral, written, explicit, or implied).

47.     Upon final judgment in Defendant's favor, Plaintiff will be liable to Defendant under the New Jersey Frivolous Lawsuit Statute, malicious use of process, and abuse of process.

22

48.     Defendant is barred in full or part due to the statute of limitations.

49.     Defendant lawfully obtained, and has always been in lawful possession of, all pallets on its premises.

50.     Defendant reserves the right to assert any and all additional defenses as discovery reveals or makes clear.

## COUNTERCLAIMS

### FACTS

1.      Defendant is a pallet recycler.

2.      Defendant has never owed Plaintiff any duties, contractual or otherwise.

3.      As set forth in the denials above and also in the defenses above, Plaintiff cannot prove its specious claims.

4.      For business reasons, such as market penetration and business growth, Plaintiff intentionally flooded the public open stream of commerce with blue pallets.

5.      Like the numerous other suits Plaintiff have brought against other pallet recyclers, Plaintiff is waging vexatious frivolous litigation with the intent to intimidate Defendant and with the ulterior motive to coerce Defendant to agree to a terms that require Defendant to act as Plaintiffs pallet collection agent via affirmative duties to return to Plaintiff any and all blue painted pallets in the public stream of commerce, regardless whether Plaintiff lost title to such pallets due to its own

23

intentional conduct or due to the conduct of Plaintiff's customers, and regardless whether Defendant lawfully acquired and disposed of blue painted pallets.

6.      Even though it is probable that a primary cause of blue painted pallets falling into the public stream of commerce is the actions or omissions of Plaintiff itself and Plaintiff's customers, with whom Plaintiff allegedly has contractual relationships to maintain a "closed loop" model of pallet circulation, Defendant could not identify one instance where Plaintiff sued its own customers for Plaintiff's claimed losses.

7.      For business reasons such as the risk of losing valuable customers, Plaintiff does not want to enforce its contracts with its customers and rarely if ever has sued them for pallet losses.  Instead, Plaintiff intentionally has chosen to sue parties with whom it has no contractual relations for the return of blue painted pallets.

8.      Upon information and belief, Plaintiff usually settles its lawsuits against the comparably small "mom and pop" recyclers with consensual injunctive relief broad enough to require these recyclers to act as Plaintiff's agents to return to Plaintiff blue painted pallets regardless of whether Plaintiff has superior and/or good title to said pallets.

9.      Plaintiff uses lawsuits against small "mom and pop" recyclers to coerce recyclers having no existing duties with Plaintiff to agree to duties they for which

otherwise they are not legally responsible to avoid incurring large amounts of counsel fees.

10.    Plaintiff's intent is not to use these suits to collect damages.

11.    Plaintiff's real reason for initiating these suits is to coerce non cooperating party recyclers to become cooperative and to send a chill throughout the recycler community.

12.    This is despite that Plaintiff intentionally abandoned its rights to millions of pallets and failed to enforce its rights against the primary leakers -- its own customers.

13.    Accordingly, Plaintiff has commenced this lawsuit and has opposed dismissal for vexatious and tortious reasons.

## COUNT I: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

14.    Defendant incorporates paragraphs 1 to 13 by reference as if set forth at length herein.

15.    Defendant had the right to pursue his business free and contracts from undue influence or molestation by Plaintiff

16.    Plaintiff maliciously interfered with Defendant's right to pursue its business by commencing this lawsuit and has opposed dismissal for vexatious and tortious reasons.

17.    New Jersey's litigation privilege does not protect Plaintiff from being liable for its conduct.  <u>Brown v. Brown</u>, 470 N.J.Super. 457, 463, 464 (App. Div. 2022).

18.    As a result, the Defendant suffered damages.

WHEREFORE, Defendant demands judgment for damages generally against Plaintiff for:

A.    Compensatory damages.

B.    Punitive damages.

C.    Costs of suit and counsel fees.

D.    Prejudgment and post judgment interest.

E.    For such further relief as is fair and equitable.

## <u>COUNT    II:    TORTIOUS    INTERFERENCE    WITH PROSPECTIVE ECONOMIC ADVANTAGE</u>

19.    Defendant incorporates paragraphs 1 to 18 by reference as if set forth at length herein.

20.    Intentionally and without justification or excuse, Plaintiff interfered with Defendant's economic relationships with others and/or prospective economic advantage.

21.    Said interference proximately caused the Defendant to sustain damages and will cause Defendant to sustain more damages in the future.

22.     New Jersey's litigation privilege does not protect Plaintiff from being liable for its conduct.

WHEREFORE, Defendant demands judgment for damages generally against Plaintiff for:

A.     Compensatory damages.

B.     Punitive damages.

C.     Costs of suit and counsel fees.

D.     Prejudgment and post judgment interest.

E.     For such further relief as is fair and equitable.


Dated: 02/09/2024

s/ Daniel B. Tune, Esq.
Daniel B. Tune, Esq.
**Tune Law Group, LLC**
372 Route 22 West, Suite 1B
Whitehouse Station, NJ 08889
T: 908.434.1061; dtune@tunelawgroup.com
*Attorneys for Defendants*

27

## JURY DEMAND

Defendant demands a trial by jury as to all claims and issues, including but not limited to jury fact finding as to Plaintiff's claims for injunctive relief.

Dated: 02/09/2024

s/ Daniel B. Tune, Esq.
Daniel B. Tune, Esq.
**Tune Law Group, LLC**
372 Route 22 West, Suite 1B
Whitehouse Station, NJ 08889
T: 908.434.1061; dtune@tunelawgroup.com
*Attorneys for Defendants*

## DECLARATION AS TO PENDING MATTERS

I declare, pursuant to 28 U.S.C. § 1746 and pursuant to L.Civ.R. 11.2, that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 9, 2024.

s/ Daniel B. Tune, Esq.
Daniel B. Tune, Esq.
**Tune Law Group, LLC**
372 Route 22 West, Suite 1B
Whitehouse Station, NJ 08889
T: 908.434.1061; dtune@tunelawgroup.com
*Attorneys for Defendants*

## <u>DECLARATION AS TO FILING AND SERVICE</u>

I declare, pursuant to 28 U.S.C. § 1746, that I caused this document to be filed with the court and served upon counsel for Plaintiff on February 9, 2024 by way of ECF and that such filing and service is timely per stipulation of counsel.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 9, 2024.

<u>s/ Daniel B. Tune, Esq.</u>
Daniel B. Tune, Esq.
**Tune Law Group, LLC**
372 Route 22 West, Suite 1B
Whitehouse Station, NJ 08889
T: 908.434.1061; dtune@tunelawgroup.com
*Attorneys for Defendants*